IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK ANDREW KRIEGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-212-SLR |
| | ) |
| MAGGIE NEIL, SGT. HAZZARD, | ) |
| C/O SCOTT,  DEPUTY WARDEN | ) |
| PIERCE, MAJOR DAVID HOLMAN, | ) |
| and C/O RUSSELL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this $\partial^{\mathfrak{A}\mathfrak{h}}$day of June, 2008, having screened the case pursuant to

28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the claims against defendants Deputy Warden Pierce

("Pierce") and Major David Holman ("Holman") are dismissed for failure to state a claim

upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1), and that plaintiff will be allowed to proceed against the remaining

defendants, for the reasons that follow:

1. **Background**.  Plaintiff Mark Andrew Krieger ("plaintiff"), an inmate at the

Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C.

§ 1983.  He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**.  When a litigant proceeds in forma pauperis, 28 U.S.C. §

1915 provides for dismissal under certain circumstances.  When a prisoner seeks

redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for

screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing its screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7ᵗʰ Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in

2

the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

5. **Discussion.** Plaintiff, who is wheelchair bound as a result of a back injury, alleges that defendants C/O Russell ("Russell"), Sgt. Hazzard ("Hazzard"), C/O Scott ("Scott"), and Maggie Neil ("Neil") violated his Eighth Amendment rights when they "manhandled" him, used excessive force, and were indifferent to his serious medical needs. He alleges that Pierce and Holman directly participated in the alleged acts after learning of the infractions through reports or appeals and failed to remedy the known wrong. Plaintiff seeks compensatory and punitive damages.

6. **Personal Involvement.** As is well established, supervisory liability cannot be

3

imposed under § 1983 on a respondeat superior theory. See Monell v. Department of

Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A[n

individual government] defendant in a civil rights action must have personal involvement

in the alleged wrongdoing; liability cannot be predicated solely on the operation of

respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be

shown through allegations that a defendant directed, had actual knowledge of, or

acquiesced in, the deprivation of a plaintiff's constitutional rights. Id.; see Monell, 436

U.S. at 694-95. Supervisory liability may attach if the supervisor implemented deficient

policies and was deliberately indifferent to the resulting risk or the supervisor's actions

and inactions were "the moving force" behind the harm suffered by the plaintiff. Sample

v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris,

489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, 128 Fed.

Appx. 240 (3d Cir. 2005).

7. Participation in the after-the-fact review of a grievance is not enough to

establish personal involvement. See, e.g., Brooks v. Beard, 167 Fed. Appx. 923, 925

(3d Cir. 2006) (allegations that prison officials and administrators responded

inappropriately to inmate's later-filed grievances do not establish the involvement of

those officials and administrators in the underlying deprivation). See also Cole v.

Sobina, 2007 WL 4460617 (W.D. Pa.2007); Ramos v. Pennsylvania Dep't of Corr., 2006

WL 2129148 (M.D. Pa. 2006); Jefferson v. Wolfe, 2006 WL 1947721 (W.D. Pa. 2006);

Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa.1997), aff'd, 142 F.3d 430 (3d Cir. 1998)

4

(prison officials' failure to respond to inmate's grievance does not state a constitutional claim). Plaintiff does not allege that Pierce and Holman had knowledge that defendants Neil, Russell, Hazzard or Scott would engage in the acts as alleged by plaintiff. Therefore, the court will dismiss the claims against Pierce and Holman for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

8. **Conclusion**. For the foregoing reasons, the court dismisses the claims against Pierce and Holman pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff may proceed with the claims against Neil, Hazzard, Scott, and Russell.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide to the clerk of the court an **original** "U.S. Marshal-285" form for **the remaining defendants**, **Maggie Neil, Sgt. Hazzard, C/O Scott, and C/O Russell,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. § 3103(c). **Plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon defendants and the attorney general. The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendants and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Fed. R. Civ. P. 4(m).**

5

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28

6

U.S.C. § 1915(e)(2) and § 1915A(a). **\*\*\***

     8.  **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed

prior to service will be dismissed without prejudice, with leave to refile following service.

**\*\*\***

 

                                                      _____

                                          UNITED STATES DISTRICT JUDGE