IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK ANDREW KRIEGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-212-SLR |
| | ) |
| C/O RUSSELL, et al,. | ) |
| | ) |
| Defendants. | ) |

Mark Andrew Krieger, Newark, Delaware. Pro Se Plaintiff.

Kevin R. Slattery, Esquire. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: June 11, 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Mark Andrew Krieger ("plaintiff"), who proceeds pro se and has been granted leave to proceed in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983. Presently before the court is defendant Sgt. Hazzard's ("defendant") motion to dismiss for insufficiency of process. (D.I. 19) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the court will deny defendant's motion to dismiss.

## II. BACKGROUND

At the time he filed his complaint, plaintiff was an incarcerated individual within the Delaware Department of Correction ("DOC"). He has since been released. The complaint was filed on April 14, 2008, and screened by the court on June 25, 2008. (D.I. 2, 6) The June 25, 2008 order allowed plaintiff to proceed against certain defendants and required him to submit copies of the complaint and USM-285 forms for service upon defendants. The United States Marshal Service ("USMS") attempted to serve defendant, but the DOC advised that he was on "military leave until 2010," and the return of service was returned unexecuted. (D.I. 12) Plaintiff was incarcerated at the time of the attempted service. On January 5, 2010, he advised the court of his release from prison.

## III. DISCUSSION

Defendant moves for dismissal pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure on the grounds that he has not been served within 120 days after the filing of the complaint as is required by Fed. R. Civ. P. 4. (D.I. 19, 20) Plaintiff opposes the motion on the grounds that: (1) he complied with the court's

service order; (2) while incarcerated, the whereabouts of defendant were considered confidential and all his inquiries went unanswered; (3) his original attempt at service was within the 120 day time-frame; and (5) he has shown good cause for the delay. Plaintiff asks that the motion be denied and that he be given additional time to serve defendant. (D.I. 23) Hazzard replies that plaintiff has not established good cause for his failure to timely serve because he "made no efforts to obtain information to attempt service on overseas military personnel" and all deadlines have passed.

Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice." Fed. R. Civ. P. 4(m). The rule goes on the state that "[u]pon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at its discretion, extend the time for service even if plaintiff has not shown good cause for the delay." *Daniels v. Correctional Med. Services*, 380 F. Supp. 2d 379, 384 (D. Del. 2005) (citing Fed. R. Civ. P. 4(m)); *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

As defendant is aware, plaintiff proceeds in forma pauperis and, therefore, must rely upon the court to issue a service order and the USMS to effect proper service of the summons and complaint. *See* 28 U.S.C. § 1915(d) (stating that where a plaintiff is proceeding in forma pauperis, "the officers of the court shall issue and serve all process, and perform all duties in such cases"). Defendant's position that plaintiff should have made inquiry regarding overseas service of military personnel is disingenuous given the fact that the USMS is responsible for service and the DOC has a policy of not providing inmates with the addresses of prison personnel. It appears that defense counsel has

also failed to consider the effect of the Servicemembers Civil Relief Act which provides "for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 App. U.S.C. § 502 (2003). In light of the foregoing, the court finds that plaintiff has demonstrated good cause for his failure to serve defendant.

Accordingly, dismissal for failure to timely serve is not proper. Therefore, the court will deny defendant's motion to dismiss pursuant to Fed. R. Civ. P. 4(m).

## IV. CONCLUSION

For the above reasons, the court will deny defendant's motion to dismiss. Plaintiff will be given additional time to serve defendant. Once defendant is served, the court will enter a new scheduling order. Plaintiff is admonished that service copies of his filings shall be served upon counsel for defendants and not defendants personally.

An appropriate order will issue.