## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK ANDREW KRIEGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-212-SLR |
| | ) |
| C/O RUSSELL, et al., | ) |
| | ) |
| Defendants. | ) |

Mark Andrew Krieger, Newark, Delaware.  Pro Se Plaintiff.

Kevin R. Slattery and Kenisha LaShelle Ringgold, Esquires, Deputy Attorneys General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendants.

**MEMORANDUM OPINION**

Dated:  May  17 , 2012
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Mark Andrew Krieger ("plaintiff"), who proceeds pro se, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) At the time he filed the complaint, plaintiff was incarcerated at the Delaware Correctional Center, now known as the James T. Vaughn Correctional Center, Smyrna, Delaware ("VCC"). He has since been released. Presently before the court is defendants' motion for summary judgment. (D.I. 40) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the court will dismiss the complaint pursuant to Fed. R. Civ. P. 37 and for failure to prosecute.

## II. BACKGROUND

Plaintiff, who is wheelchair bound as a result of a back injury, alleges that defendants C/O Russell ("Russell"), C/O Scott ("Scott"), and Maggie Neil ("Neil") violated his Eighth Amendment rights when they "manhandled" him, used excessive force, and were indifferent to his serious medical needs.[1]

Plaintiff was released from the VCC on approximately January 5, 2010. He provided the court with an address and indicated that he would update his address when permanent housing was established. (D.I. 26) The court entered a scheduling order on April 4, 2011. (D.I. 34) It provided a discovery deadline of August 4, 2011, and a dispositive motion deadline of September 6, 2011, with answering briefs due on October 6, 2011. (D.I. 34)

_____

[1]Neil, Scott, and Russell are the only remaining defendants, all others having been dismissed. Scott died during the pendency of the litigation. (*See* D.I. 39)

On April 5, 2011, the court entered a show cause order why defendant Sgt. Hazzard should not be dismissed for failure to serve. (D.I. 35) Plaintiff did not file a response to the show cause order. Next, defendants subpoenaed plaintiff to appear at his deposition scheduled for July 29, 2011, a date prior to the discovery deadline. (D.I. 37) Plaintiff was personally served on July 14, 2011 at an address other than the one provided to the court.[2] He did not appear for his deposition. Nor has plaintiff provided the court with his current address.

On September 6, 2011, defendants filed the pending motion for summary judgment. (D.I. 40) When plaintiff did not timely file a response, the court set a briefing schedule giving him additional time to file a response by November 11, 14, 2011, but he failed to do so. (D.I. 45)

Defendants move for dismissal pursuant to Fed. R. Civ. P. 37(b) for plaintiff's failure to participate in discovery. In addition, they move for summary judgment on the grounds that: (1) the facts fail to establish a constitutional violation as a matter of law; (2) qualified immunity is appropriate; (3) the Eleventh Amendment to the United States Constitution provides them immunity from suit for the claims raised against them in their official capacities; and (4) there is no evidence to support the claim that plaintiff was assaulted or manhandled by defendants.

## III. FAILURE TO PROSECUTE

The court turns to the issue of plaintiff's failure to prosecute, given that he has not

---

[2]Plaintiff apparently has moved, but has not updated his address with the Clerk of Court.

participated in this case since August 5, 2010.

Rule 37 provides the court with the authority to dismiss a case for failure to comply with a discovery order and for a party's failure to attend his own deposition. Fed. R. Civ. P. 37(b), (d). In addition, pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. 2010) (not published).

The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. *Emerson,* 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, dismissal can be appropriate even if some of the *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins.*

3

*Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

## IV. DISCUSSION

The court finds that the *Poulis* factors warrant dismissal of plaintiff's case. First, as a pro se litigant, plaintiff is solely responsible for prosecuting his claim. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992).

Second, defendant is prejudiced by plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Plaintiff's failure to attend his deposition prior to the discovery deadline severely impedes defendants' ability to prepare a trial strategy.

As to the third factor, there is a history of dilatoriness inasmuch as plaintiff failed to respond to a show cause order, failed to provide the court with his current address, failed to file a response to defendants' pending motion for summary judgment despite being given additional time, and has taken no action in this case since August 5, 2010.

As to the fourth factor, the facts to date lead to a conclusion that plaintiff's failure to prosecute is willful or in bad faith. It is plaintiff's responsibility to provide the court his current address. His deposition was set to take place and he was personally served with notice, but failed to appear. Accordingly, the court finds plaintiff's actions willful and in bad faith.

As to the fifth factor, there are no alternative sanctions the court could effectively impose. Because plaintiff proceeds pro se and in forma pauperis, it is doubtful that

4

monetary sanctions would be effective.

As to the sixth factor, the merits of the claim, plaintiff alleges violations of his constitutional rights. Defendants have, however, provided evidence to the contrary, and the record does not support plaintiff's claims. (*See* D.I. 41, 42)

The court finds that the *Poulis* factors weigh in favor of dismissal given plaintiff's failure to: (1) attend his deposition, despite personal service; (2) provide the court with a current address; (3) respond to court orders and defendant's motion for summary judgment; and (4) take any action in the case since August 5, 2010. Notably, the evidence of record indicates there is an unlikelihood of success on the merits of plaintiff's claims.

## V. CONCLUSION

For the above reasons, the court will grant defendants' motion and will dismiss the case pursuant to Fed. R. Civ. P. 37 and for failure to prosecute. (D.I. 40)

An appropriate order will issue.

5